IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JEFFREY LAWSON MCCORMICK.<br>*Defendant.* | CRIMINAL NO. 6:13-CR-00011<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

This matter is before the Court on remand from the United States Court of Appeals for the Fourth Circuit for the limited purpose of determining the date on which Petitioner Jeffrey McCormick ("McCormick") filed his notice of appeal.

## I. BACKGROUND

McCormick pleaded guilty to manufacturing fifty grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). I accepted his guilty plea, and final judgment was entered on October 23, 2013. After sentencing, McCormick was taken to the Central Virginia Regional Jail in Orange, Virginia for medical treatment. McCormick remained in the Central Virginia Jail until November 6, 2013, at which point he was transported to Butner Federal Correctional Institution ("Butner").

After arriving at Butner, McCormick sent letters to the Fourth Circuit, this Court, as well as the United States Attorney's Office regarding his intent to appeal. McCormick deposited his letters to this Court and the United States Attorney's Office in the Butner Correctional Mailbox on December 3, 2013. He deposited his letter to the Fourth Circuit on December 9, 2013.

The Fourth Circuit received McCormick's letter in December of 2013, which it construed as a notice of appeal. McCormick's letter omitted the date on which it was filed in Butner's mail room, and the Fourth Circuit therefore remanded the case to determine the date of filing. Around the same time, this Court received McCormick's other letter, which I construed as a habeas petition under 28 U.S.C. § 2255. Because of his pending appeal in the Fourth Circuit, I dismissed McCormick's habeas petition without prejudice.

## II. DISCUSSION

A criminal defendant must file his notice of appeal in the district court within fourteen days after the entry of judgment. Fed. R. App. P. 4(b)(1)(A). The time to file a notice of appeal may be extended by up to thirty days upon a showing of good cause or excusable neglect. Fed. R. App. P. 4(b)(4). McCormick did not file his notice within fourteen days after judgment. Therefore, in order for his notice to be timely filed, McCormick must show: (1) he "filed" his notice of appeal by December 6, 2013, the latest date within the "excusable neglect" window, and (2) excusable neglect justifies his failure to file within the initial fourteen-day time period.

### A. Time of Filing

Under the "prison mailbox rule," a pro se litigant's legal papers are considered filed upon "delivery to prison authorities, not receipt by the clerk." *United States v. McNeill*, 523 Fed.Appx. 979, 981 (4th Cir. 2013) (citing *Houston v. Lack*, 487 U.S. 266, 275 (1988)). The Fourth Circuit recently clarified the purpose behind this rule, noting that "[t]he foundational rationale for the prison mailbox rule is that a prisoner should not be held accountable for the handling of his mail where he has no control." *Id.* at 982 (citing *Houston*, 487 U.S. at 271).

Though I initially construed McCormick's letter to this Court as a habeas petition, I will now also construe it as a notice of appeal. *See Boag v. MacDougall*, 454 U.S. 354, 365 (1982)

(stating that courts must liberally construe pro se litigants' claims). The record indicates that McCormick swore, under penalty of perjury, that he delivered this notice of appeal to Butner's mail room on December 3, 2013, which is sufficient to show it was deposited on this date. *McNeill*, 523 Fed.Appx. at 983 (noting that the date of filing can be proven through a declaration under 28 U.S.C. § 1746). McCormick therefore filed his notice of appeal before December 6, 2013, falling within the excusable neglect time period.

B. Excusable Neglect

Pursuant to the Fourth Circuit's order, I must also determine whether excusable neglect or good cause justifies McCormick's failure to file his notice of appeal within fourteen days following the entry of judgment. The determination of what constitutes excusable neglect "is at bottom an equitable [inquiry], taking account of all relevant circumstances surrounding the party's omission." *Thompson v. E.I. DuPont de Nemours & Co., Inc.*, 76 F.3d 530, 533 (4th Cir. 1996) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*, 507 U.S. 380, 395 (1993)). In this inquiry, lower courts are directed to consider:

> the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Id.* "The most important of these factors is the untimely party's reason for delay." *United States v. Stewart*, 259 Fed.Appx. 613, 614 (4th Cir. 2007) (citing *Thompson*, 76 F.3d at 534).

McCormick maintains that he delayed in filing his notice of appeal for two reasons. First, he states that he could not file his appeal because he was bedridden due to medical complications. Immediately after sentencing, McCormick was transferred to Central Virginia Regional Jail. He was then released from the facility on November 7, 2013. An employee of the jail has submitted a statement corroborating McCormick's account, indicating that McCormick

- 3 -

received treatment for liver complications while incarcerated at the central Virginia facility. Second, McCormick claims that he failed to file his notice of appeal because he expected his attorney to do so. He maintains that he asked trial counsel to note an appeal on his behalf after the sentencing hearing held on October 23, 2013. After his hearing, however, McCormick claims his counsel refused to communicate with him and therefore never filed anything on his behalf. Given these circumstances, I find that excusable neglect justifies McCormick's failure to file his notice of appeal within fourteen days of final judgment. *See Roman v. Sam's Club/Walmart*, No. 7:10-CV-524, 2013 WL 1643936, at *2 (W.D. Va. Apr. 16, 2013) (finding excusable neglect where a pro se litigant delayed in filing because of medical complications).

### III. CONCLUSION

For the foregoing reasons, I find that McCormick filed his notice of appeal on December 3, 2013, three days before the expiration of the excusable neglect time period. I also find that excusable neglect justifies his failure to file within fourteen days following final judgment.

The Clerk of the Court is hereby directed to return this matter to the United States Court of Appeals for the Fourth Circuit pursuant to its June 26, 2014, order in Case No. 13-4951.

Entered this ___9th___ day of October, 2014.

*[signature]*
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE